UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE MOBLEY,

        Plaintiff,

v.

CASE NO. 17-11326
HONORABLE AVERN COHN

JORDAN, et al.,

        Defendants.
_____/

## ORDER DENYING APPLICATIONS TO PROCEED WITHOUT PREPAYING FEES OR COSTS (Docs. 8, 9)

I.

This is a pro se civil rights case under 42 U.S.C. § 1983. When plaintiff filed the complaint, he did not pay the required $350.00 filing fee, nor did he submit a proper application to proceed without prepayment of the filing fee (application). As such, the Court issued an order requiring plaintiff to either pay the filing fee or submit a properly completed application within 30 days (by May 30, 2017). (Doc. 5). The order also provided that if plaintiff did not do so within that time period, his case would be dismissed. Plaintiff did not correct the deficiency. On June 19, 2017, the Court dismissed the complaint without prejudice. (Doc. 7).

Before the Court are two applications. As will be explained, both applications are untimely and deficient. For the reasons that follow, the applications are DENIED.

II.

On July 5, 2017, almost a month after the complaint was dismissed, plaintiff filed an application. The application is unsigned, undated, incomplete, and does not include

the required prisoner trust fund account statement. Plaintiff did not explain the reason for the delay in filing the application.

On October 11, 2017, plaintiff filed a second application to proceed without prepaying the fees or costs. This application, while signed and dated, is again incomplete and does not include the required prisoner trust fund account statement. Plaintiff now indicates that his delay in filing is due to a prison transfer.

III.

The applications must be denied. First, the requests are late and moot given that the Court dismissed the complaint without prejudice and closed the case in June of 2017. Second, plaintiff still fails to correct the filing deficiency as his applications do not include his prisoner trust fund account statement. Third, to the extent that plaintiff seeks reconsideration and/or to reopen this case, there is no reason to do so under the circumstances. Should plaintiff wish to pursue the allegations in his complaint, his proper recourse is to file a new civil rights complaint, along with the filing fee and administrative fee or a properly-completed application.

SO ORDERED.

S/Avern Cohn
Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: 10/30/2017
Detroit, Michigan